UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

FILED
DEC 0 2 2019
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

UNITED STATES OF AMERICA,

V.                                    No. 04-CR-86-1

CHARLES SAMSON, DEFENDANT.

MOTION TO SUPPLEMENT THE RECORD

MOTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

"EXTRAORDINARY AND COMPELLING CIRCUMSTANCES"

REQUEST FOR STATUS

Last week, a United States District Court in Nebraska granted a sentence reduction filed by a defendant with a 895-month sentence, which included three stacked § 924(c) counts. See <u>United States v. Urkevich</u>, 2019 U.S. Dist. LEXIS 197408 (D. Neb. Nov. 14, 2019). The United States opposed, arguing that just because he could not have gotten more than 368 months after the First Step Act, does not

---

[2] See Attached MEMORANDUM OF AUTHORITY.

make his sentence reduction motion argument "extraordinary and compelling" (as required by statute). Furthermore, the United States argued, even if the defendant's sentence were reduced, he would still have about half of his sentence to serve, making his motion "premature."

The court rejected the United States arguments noting that the list of "extraordinary and compelling reasons" in Guideline § 1B1.13 Note 1 that justify a sentence reduction is not exclusive. Instead there is a catch-all provision providing that there can be an "extraordinary anc compelling reason" other than medical, age, or family. That, the judge said, allows a court to consider § 3553(a) factors, as well as criteria in the Sentencing Commission's policy statement. Althought the Sentencing Commission has not amended § 1B1.13 since the First Step Act passed, the court said it "infers that the U.S. Sentencing Commission would apply the same criteria, including the catch-all provision and that this Court may use Application Note 1(D) as a basis for finding extraordinary anc compelling reasons to reduce a sentence." Here, the court said, a reduction in sentence was warranted by "the injustice of facing a term of incarceration fourty years longer

than Congress now deems warranted for the ... crimes committed."

The court also rejected the Government's strange and unsupported argument that a sentence reduction cannot be granted unless it results in immediate release." If this Court reduces the defendant's sentence on [two § 924(c)] counts to 60 months each, consecutive," the judge wrote, "he will not be eligible for immediate release. His sentence would total 368 months, and he would have served somewhat more than half that sentence. Nonetheless, the Court does not consider the Motion premature. A reduction in the sentence at this juncture will help the defendant, and the Bureau of Prisons plan for his ultimate release from custody and may assist him in his pending efforts to seek Clemency from the Executive Branch."

Defendant here is seeking the benefit of the First Step Act under - "estraordinary circumstances". In the interest of justice moves for status and to supplement the record accordingly.

Date 11-26-19                       /SS/ Charles Samson

MEMORANDUM OF LAW / OP/ORDER

A federal judge in Nebraska has reduced a prisoner's 18 U.S.C. 924(c) sentences via compassionate release. United States v. Urkevich, No. 2019 WL 6037391, 2019 U.S. Dist. LEXIS 197408 (D. Neb., Nov. 14, 2019). The judge reduced the prisoner's 924(c) sentences down to 60 months on each 924(c) charge. In doing so the court gave the defendant the benefit of the sentencing changes in the First Step Act even though those provisions of law are not retroactive for individuals who have already been sentenced.

UNITED STATES OF AMERICA, Plaintiff, vs. JERRY URKEVICH, Defendant.

Opinion by: Laurie Smith Camp

MEMORANDUM AND ORDER

This matter is before the Court on the Defendant's Motion seeking relief under 18 U.S.C. 3582(c)(1)(A)(i), ECF No. 173. For the following reasons, the Court will reduce the Defendant's term of incarceration.

PROCEDURAL BACKGROUND

Following a trial by jury, Defendant Jerry Urkevich was found guilty of the following Counts of the Superseding Indictment: Count I (conspiracy to distribute or possess with intent to distribute methamphetamine), Count II (possession of a firearm during a drug trafficking crime), Count III (possession of a firearm during a drug trafficking crime), and Count V (possession of a firearm during a drug trafficking crime). He was sentenced on May 10, 2004, to consecutive terms of incarceration of 235 months on Count I, 60 months on Count II, 300 months on Count III, and 300 months on Count [*2] V, plus concurrent terms of five years of supervised release on each count. The consecutive terms of incarceration on Counts II, III, and V were mandated by 18 U.S.C. 924. He appealed, and his convictions and sentences were affirmed on July 11, 2005. On February 4, 2016, his term of incarceration on Count I was reduced to 188 months pursuant to 18 U.S.C. 3582, due to a sentencing guideline range that was lowered and made retroactive by the United States Sentencing Commission.

The First Step Act, among many other things, amended 18 U.S.C. 924. In Section 403 of the Act, congress amended 924(c)(1)(C) so a consecutive term of 25 years (300 months) for a second or subsequent conviction for possession of a firearm during a drug trafficking crime is no longer mandated if the crime was committed before a prior conviction under the subsection was final. This amendment would have benefited Urkevich if it had been in effect at the time of his sentencing. Section 403 of the

First Step Act also provides: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of the date of enactment." This Court, therefore, has no authority to [*3] apply Section 403 of the First Step Act to reduce Urkevich's sentence retroactively.

The First Step Act also amended 18 U.S.C. 3582. In Section 603 of the Act, congress amended 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Urkevich submitted evidence of his exhaustion of his administrative remedies through the Bureau of Prisons, ECF No. 173 at Page ID #173, and the Court offered the Government an opportunity to respond to Urkevich's Motion. The Government submitted its Brief in Response to Motion for Reconsideration of Sentence, ECF No. 178, opposing any reduction in Urkevich's term of incarceration. The matter is now properly before the Court under 3582(c)(1)(A)(i).

DISCUSSION

Section 3582(c)(1)(A) provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after [*4] considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that

(i) xtraordinary and compelling reasons warrant such a reduction;

. . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Government acknowledges that Urkevich's three firearms counts would have carried mandatory terms of 60 months each (180 months), and not 300 months for Counts III and V (660 months total) if he had been sentenced after the effective date of the First Step Act. Accordingly, the sentence he is serving (848 months) is forty years longer than the sentence he likely would have received (368 months) if he were sentenced under the law (18 U.S.C. 924(c)(1)(C)) as it now exists.

The Government does not dispute that Urkevich has demonstrated post-offense rehabilitation, and the Government does not argue that he poses a current danger to the safety of any other person or to the community. The Government does not raise any challenge to the constitutionality of 3582(c)(1)(A). Yet the Government opposes a reduction in Urkevich's sentence on the basis that he has not demonstrated "extraordinary and compelling reasons" for the reduction, "consistent with [*5] applicable policy statements issued by the Sentencing Commission." The Government also argues that Urkevich's Motion is premature, because he would not yet be eligible for release from custody if his sentence were reduced to 368 months. Brief, ECF No. 178, Page ID #2112, citing United States v. Brown, No. 4:05-CR-00227-1, 2019 U.S. Dist. LEXIS 175424, 2019 WL 4942051, at *1, *5 (S.D. Iowa, October 8, 2019).

I. Factors set forth in 3553(a)

A reduction of the Defendant's sentences on Counts III and V, to terms of 60 months each, consecutive, is consistent with all the factors set forth in 18 U.S.C. 3553(a), and especially 3553(a)(2)(A) ("the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and 3553(a)(6) ("the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").

II. Consistency with Applicable Sentencing Commission Policy Statements

U.S.S.G. 1B1.13 and related Commentary from the Sentencing Commission were most recently updated on November 1, 2018, before the effective date of the First Step Act December 21, 2018. Accordingly, the Guideline and Commentary still presume that a reduction in sentence under 3582(c)(1)(A) must be made upon motion of the Director [*6] of the Bureau of Prisons.

The Commentary describes certain circumstances under which "extraordinary and compelling reasons" for a reduction in sentence are deemed to exist, but the Commentary does not suggest the list is exclusive. Application Note 1(D), titled "Other

Reasons" is a catch-all provision, noting that the Director may determine "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Application Note 3 states that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," mirroring the language of 28 U.S.C. 994(t). In Application Note 4, the Commission encourages the Director to file a motion for reduction of sentence if a defendant meets any of the circumstances set forth in Application Note 1, thereby allowing a court to consider 3553(a) factors, as well as criteria in the Commission's policy statement such as whether a defendant is a danger to the safety of any other person or to the community, when determining whether to reduce a term of imprisonment.

Other courts have concluded that the Commission's failure to amend Guideline 1B1.13 and related Commentary [*7] following the First Step Act does not preclude a court from acting on motions for sentence reductions or using the catch-all provision in Application Note 1(D). See Brown, 2019 U.S. Dist. LEXIS 175424, 2019 WL 4942051, at *3-4 (citing United States v. Beck, No. 1:13-CR-186-6, 2019 U.S. Dist. LEXIS 108542, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019); United States v. Cantu, No. 1:05-CR-458-1, 2019 U.S. Dist. LEXIS 100923, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019); United States v. Fox, No. 2:14-CR-03-DBH, 2019 U.S. Dist. LEXIS 115388, 2019 WL 3046086, at *3 (D. Me. July 11, 2019)).

This Court infers that the Commission would apply the same criteria, including the catch-all provision of Application Note 1(D), in the wake of the First Step Act's amendment to 3582(c)(1)(A), and that this Court may use Application Note 1(D) as a basis for finding extraordinary and compelling reasons to reduce a sentence. Accordingly, this Court's contemplation of a reduction in Urkevich's sentences on Counts III and V is consistent with the Commission's policy statements.

III. Extraordinary and Compelling Reasons for a Sentence Reduction

In Brown, the court considered a motion for reduced sentence under 3582(c)(1)(A)(i) in a case with similar facts. The court acknowledged it could consider as "extraordinary and compelling reasons" for sentence reduction the disparity the defendant suffered when he received a 300-month sentence on a firearm count that today would carry a 60-month sentence. Brown, 2019 U.S. Dist. LEXIS 175424, 2019 WL 4942051, at *5 (citing United States v. Marks, No. 6:03-cr-06033, slip op. (W.D.N.Y. Mar. 14, 2019)). [*8] Yet the court declined to exercise its authority to grant the defendant's motion, finding it "premature" because the defendant would not be eligible for immediate release from custody if his 300-month sentence were reduced to 60-months. 2019 U.S. Dist. LEXIS 175424, [WL] at *6. Instead, the court urged the U.S. Attorney to consider vacating one of the defendant's 924(c) convictions and urged the Acting Pardon Attorney to reconsider the defendant's previous application for a commutation of sentence. Id.

If this Court reduces Urkevich's sentences on Counts III and V to 60 months each, consecutive, he will not be eligible for immediate release. His sentence would total 368 months, and he would have served somewhat more than half that sentence. Nonetheless, the Court does not consider the Motion premature. A reduction in his sentence is warranted by extraordinary and compelling reasons, specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed. A reduction in the sentence at this juncture will help Urkevich and the Bureau of Prisons plan for his ultimate release from custody and may assist him [*9] in his pending efforts to seek clemency from the Executive Branch. This Court will not intervene in that process.

CONCLUSION

After consideration of all the factors set forth in 18 U.S.C. 3553(a), especially 3553(a)(2)(A) ("the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and 3553(a)(6) ("the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"), as well as applicable Sentencing Commission policy statements, the Court finds extraordinary and compelling reasons for a reduction of the Defendant's sentence pursuant to 18 U.S.C. 3582(c)(1)(A)(i).

CHARLES SAMSON #27347-180
FEDERAL CORRECTIONAL INSTITUTION
COLEMAN CORRECTIONAL COMPLEX
P.O. BOX. 1032
COLEMAN, FLORIDA 33521 - 1032

RECEIVED
DEC 0 2 2019
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

⇔27347-180⇔
Clerk Of Western District
200 E WALL ST
U.S District Courtrm222
Midland, TX 79701
United States

79701-521799